UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANET GROSS,<br><br>       Plaintiff,<br>   v.<br><br>KOHL'S DEPT STORES, INC. and BRE<br>DDR CONNECTICUT COMMONS, LLC,<br><br>       Defendants. | 3:14 - CV- 298 (CSH)<br><br><br><br>MAY 08, 2014 |

### ORDER

**HAIGHT, Senior District Judge:**

**I.     INTRODUCTION**

This personal injury action is removed from Connecticut Superior Court, Judicial District of Hartford at Hartford, to District Court of Connecticut, by defendant Kohl's Department Stores, Inc. ("Kohl's") on March 7, 2014. Doc. 1, ¶ 1. The plaintiff, Janet Gross, who was injured by tripping on an uneven area of pavement at a Kohl's Store in Plainville, Connecticut, is suing Kohl's Department Stores, Inc. and BRE DDR Connecticut Common LLC, the owner of the premises, for negligence. Doc. 1, Comp. Plaintiff claims money damages and such other equitable relief for her bodily injuries that "requir[ed] surgery and follow up care, causing pain and suffering and permanent injuries." *Id.*

In its Notice of Removal, Kohl's has asserted that this Court has subject matter

1

jurisdiction based on diversity of citizenship and the amount in controversy exceeds $75,000.00,[1] exclusive of interest and costs, thus removable pursuant to 28 U.S.C. 1441(a).  Doc. 1, ¶ 6.  28 U.S.C. § 1332(a)(1) sets forth the requirements for subject matter jurisdiction based on diversity of citizenship: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."[2]  As discussed below, however, Kohl's has failed to allege sufficient facts to establish that such diversity of citizenship exists.  The Court, therefore, mandates confirmation of the citizenship of all parties.

## II.     DISCUSSION

A federal court must determine with certainty whether it has subject matter jurisdiction over its pending cases.  Indeed, the court is obligated to consider its subject matter jurisdiction *sua sponte*.  In other words, "[even if] neither party has suggested that [the court] lack[s] appellate jurisdiction, [the court] ha[s] an independent obligation to consider the presence or

---

[1] The element of jurisdictional amount is presumed satisfied. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *See also Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (Second Circuit affirmed E.D.N.Y's conclusion that plaintiff could theoretically recover more than $75,000 in punitive damages, therefore meeting the statutory standard for amount in controversy.)  Since the plaintiff alleges in her Complaint "[t]he amount, legal interest and property in demand is *greater than* $15,000.00 exclusive of interest and costs" (emphasis added), this Court can not derive with legal certainty that the amount in controversy is less than the $75,000 required for federal diversity action, to remand the case to state court.

[2] Plaintiff's Complaint did not allege any facts or circumstances that would potentially give rise to a federal claim under the Constitution or federal statute.  This Court, therefore, will not have "federal question" subject matter jurisdiction under 28 U.S.C. § 1331, over this matter.

absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), cert. denied, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  Hence, the court must "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction."  *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008).

In general, the dismissal of action is mandatory if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See, e.g.*, *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

Complete diversity of citizenship is required for proper subject matter jurisdiction under 28 U.S.C. § 1332(a)(1): the plaintiff's citizenship must be diverse from that of all defendants. "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Thus, the citizenship of the plaintiff and each of the defendants need to be determined and compared to ensure complete diversity.  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*,

293 F.3d 579, 581 (2d Cir. 2002).

**A.** *Plaintiff's Domicile*

In the Notice of Removal, Kohl's has alleged that plaintiff Janet Gross states, in her summons, she is a resident of Newington, Connecticut. Doc. 1, ¶ 3. The summons attached to the Notice of Removal indeed lists her address as "276 Hillcrest Avenue, Newington, Connecticut 06111" [Doc. 1]. However, with respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). The reason is an individual's citizenship for diversity purposes is determined by his or her "domicile" instead of residence, which is a more stringent standard. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The two are not necessarily synonymous for jurisdictional purposes, as "one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted).

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – i.e, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also Palazzo*, 232 F.3d at 42. On the other hand, it has long been established that "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967). An individual may have several residences, but only one domicile. The United States Supreme Court has described "residency" as occurring

"when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).  The test for domicile is thus "more rigorous" than the requirement to claim residency.  *Id*.  For instance, "residency" may be taken up temporarily for personal or business reasons, without intention to return.  *Id.*  Kohl's has alleged residency of the plaintiff in Connecticut without establishing her citizenship under the standard for domicile.  The latter, however, may not be inferred from the former.  *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).

**B.** *Defendants' Citizenship*

For the defendants, Kohl's alleges that it is "a Delaware Corporation and has a principal place of business in Menomonee Falls, Wisconsin."  Doc. 1, ¶ 4.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  However, Kohl's has failed to specify whether Delaware is its sole state of incorporation.

With respect to its co-defendant, BRE DDR Connecticut Commons, LLC ("BRE"), Kohl's did not state its citizenship in its Notice of Removal.  Doc. 1.  The summons revealed that BRE has a "business address" at "3300 Enterprise Parkway, Beachwood, OH 44122."  *Id*. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each* of its members." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (emphasis added), cert. denied, 549 U.S. 1047 (2006).  Basically, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members."  *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007

5

WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)); *See also N.Y.C. v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 127 n.13 (2d Cir. 2011).  Therefore, citizenship of every member of the limited liability company must be known to insure complete diversity.  Kohl's has failed to provide the identities and citizenship of each of BRE's members.

V.    **CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit, citizenship for diversity purposes as of the date this action was removed from Connecticut Superior Court, March 7, 2014.

Specifically, plaintiff Janet Gross is hereby ORDERED to submit an affidavit explicitly indicating the state of her citizenship at the commencement of the federal action. The affidavit must declare: (1) the state in which she was domiciled and principally established or her "true fixed home" and (2) the names, if any, of other states in which she had a residence.  If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

Defendant Kohl's is hereby ORDERED to submit an affidavit listing all states in which it was incorporated.

Co-defendant limited liability company BRE is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members.

All parties shall file and serve their affidavits regarding citizenship on or before June 9, 2014.  All case deadlines shall be stayed pending the Court's review of the affidavits.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice to Kohl's filing, if so advised, in an appropriate jurisdiction.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        May 08, 2014

                                    /s/Charles S. Haight, Jr.
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge